| | |
|---|---|
| BARBARA J. PARKER (SBN 69722)<br>BParker@oaklandcityattorney.org<br>OAKLAND CITY ATTORNEY<br>City Hall, 6th Floor<br>One Frank H. Ogawa Plaza<br>Oakland, CA 94612<br>Telephone: (510) 238-6512 | BART H. WILLIAMS (SBN 134009)<br>bwilliams@proskauer.com<br>MANUEL F. CACHÁN (SBN 216987)<br>mcachan@proskauer.com<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>Telephone: (310) 557-290 |
| YOSEF PERETZ (SBN 209288)<br>yperetz@peretzlaw.com<br>RUTH L. ISRAELY (SBN 289586)<br>risraely@peretzlaw.com<br>PERETZ & ASSOCIATES<br>22 Battery Street, Suite 200<br>San Francisco, California 94111<br>Telephone: (415) 732-3777 | TERRY E. SANCHEZ (SBN 101318)<br>terry.sanchez@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100 |
| JOEL LIBERSON (SBN 164857)<br>joel@taresources.com<br>TRIAL & APPELLATE RESOURCES, P.C.<br>400 Continental Blvd., 6th Floor<br>El Segundo, CA 90245<br>Telephone: (917) 848-3218 | PAUL F. HANCOCK (admitted *pro hac vice*)<br>Paul.Hancock@klgates.com<br>K&L GATES LLP<br>200 S. Biscayne Blvd., Suite 3900<br>Miami, FL 33131<br>Telephone: (305) 539-3300 |
| ROBERT S. PECK (admitted *pro hac vice*)<br>robert.peck@cclfirm.com<br>CENTER FOR CONSTITUTIONAL LITIGATION<br>777 6th Street NW, Suite 250<br>Washington, DC 20001<br>Telephone: (202) 944-2803 | Attorneys for Defendants WELLS FARGO & CO. and WELLS FARGO BANK, N.A. |

Attorneys for Plaintiff CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF OAKLAND, a municipal corporation<br><br>         Plaintiff,<br><br>    vs.<br><br>WELLS FARGO & CO., and WELLS FARGO BANK, N.A.,<br><br>         Defendants. | Case No. 3:15-cv-04321-EMC<br><br>**STIPULATION AND [PR~~OP~~OSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

In order to protect confidential information obtained from or disclosed by the parties in connection with the above-captioned matter (the "Litigation") and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties stipulate as follows:

**PURPOSES AND SCOPE**

1. Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted.  The unrestricted disclosure of such information might cause undue damage to the parties and their businesses.  Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2. The parties further acknowledge that this Protective Order creates no entitlement to file Confidential Information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3. This Order shall govern all materials produced as part of a party's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), produced in connection with this Litigation, or produced in response to any discovery request in the Litigation (including, but not limited to, documents, deposition transcript, interrogatory responses, and responses to requests for admission) to any party or non-party subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

**DESIGNATING CONFIDENTIAL MATERIAL**

4. Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Disclosing Party") considers in good faith  are confidential because they include any of the

following: (a) nonpublic information or statements; (b) business or technical information (including, but not limited to, business methods or practices, business plans and records of internal deliberations and decision-making, and policies and procedures or trainings not generally published) that, if disclosed to the general public or competitors of the Disclosing Party, could reasonably be expected to cause harm to the Disclosing Party; (c) trade secrets; (d) individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information); (e) information that the Disclosing Party has a duty to a third person or the court to maintain confidential; or (f) confidential business or financial information subject to protection under California or federal law, or another applicable legal standard  (collectively, "Confidential Information").

5. The Disclosing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, the Disclosing Party may designate in writing, within 30 days after service of said responses or receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information.  Any other party may object to such proposal, in writing or on the record.  Deposition transcripts shall be treated in their entirety as Confidential Information for 30 days after receipt, unless a motion is due to be filed, in which case the 30 day period expires five days prior to the motion filing deadline.  If a transcript is received within five days prior to a motion filing deadline, the transcript shall be treated as Confidential Information until two court days prior to the motion filing deadline.  All parties shall affix the Confidential legend on each page of the deposition transcript designated Confidential Information at the deposition or by subsequent written notice.

6. If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection at all, the Disclosing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

7. A party or non-party's inadvertent failure to timely designate any Discovery Materials as Confidential Information does not waive that party's right to secure protection under this Order for

such material. At any time, the Disclosing Party may designate Discovery Materials as Confidential Information by providing written notice to the receiving party. Upon receiving notification of the designation, the receiving party must make reasonable efforts to assure that the Confidential Information is treated in accordance with the provisions of this Order going forward.

8. A party or non-party's failure to designate Discovery Materials as Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other Discovery Materials.

**NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

9. Except with the prior written consent of the Disclosing Party, or as otherwise permitted pursuant to this Protective Order, Discovery Materials designated Confidential Information shall only be used for the purpose of this Litigation, including any appellate proceedings, and not for any other present or future disputes, proceedings, or litigation, or any other business, commercial, competitive, personal, private, public, or other purpose whatsoever.

**PERMISSIBLE DISCLOSURES**

10. Discovery Materials designated as Confidential Information in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary in connection with this Litigation:

    a. counsel for the parties to this Litigation, including in-house counsel, co-counsel, and their associated attorneys, paralegals, and other professional personnel provided they are assisting such counsel with this Litigation, are under the supervision or control of such counsel, and have been advised by such counsel of their obligation hereunder;

    b. persons or entities that provide litigation support services (*e.g.*, photocopying; e-discovery processing and hosting vendors; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided they are assisting with this Litigation and have been advised by such counsel of their obligation hereunder;

    c. any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation;

      d.    outside consultants or expert witnesses retained or consulted in connection with this Litigation, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

      e.    other witnesses who may testify at a deposition, hearing, or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

      f.    an officer before whom a deposition is taken, including stenographic reports and any necessary secretarial, clerical or other personnel of such officer;

      g.    the original authors or recipients of the Confidential Information;

      h.    the Court, court personnel, and court reporters; and

      i.    any other person provided that (i) the Disclosing Party has consented in writing to disclosure to such other person(s) and (ii) such person(s) shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information.

## RESOLVING DISPUTED CLASSIFICATIONS

11.    Should a party wish to object to a confidential designation of any Discovery Materials (the "Objecting Party"), either because the Objecting Party believes the Discovery Materials do not qualify as Confidential Information under this Order, or the Objecting Party wishes to file the materials and believes the materials may not be sealed under the sealing rules of the Court, the Objecting Party shall notify the Disclosing Party in writing the basis for the dispute ("Designation Objection"). In its Designation Objection, the Objecting Party shall particularly identify the specific Discovery Materials as to which the designation is disputed (*i.e.*, by document bates numbers, deposition transcript page and line reference, or other means sufficient to locate such materials).

Within 10 business days of receiving the Designation Objection, the Disclosing Party and the Objecting Party shall meet and confer in good faith to attempt to resolve the dispute without involvement of the Court.

      a)    If no resolution is reached, the Disclosing Party has 15 business days after the meet and confer in which to file a motion with the Court to rule on its confidentiality designation.

The Disclosing Party bears the burden of proof in a challenge to the confidentiality designation. Pending a ruling by the Court, the disputed designation shall continue to be treated as Confidential Information under the terms of this Protective Order.  If no resolution is reached by the parties, and the Disclosing Party does not bring a timely motion with the Court to rule on its confidentiality designation, the designation shall be deemed withdrawn.

b) Nothing in this Protective Order shall be deemed to prevent the Disclosing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Materials that is found to no longer constitute Confidential Information.

### SUBPOENA BY OTHER COURTS OR AGENCIES

12. If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party within five business days.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed.  If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such action to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto.  The person to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order or other legal intervention brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

### FILING DOCUMENTS UNDER SEAL

13. No Confidential Information shall be filed in the public record without the written permission of the Disclosing Party, or a court's order.  The parties shall comply with Civil Local Rule 79-5.

14. Copies of any pleading, brief, or other Discovery Materials containing Confidential Information which is served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order.

## CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS

15. The restrictions, if any, that will govern the use of Confidential Material at trial or hearings, will be determined at a later date by the Court, in consultation with the parties.

## INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

16. If a party or its counsel inadvertently discloses Confidential Information to persons who are not authorized, pursuant to this Order, to use or possess the Confidential Information, the party who inadvertently disclosed the Confidential Information shall (i) provide prompt written notice of the disclosure to the Disclosing Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Information from the unauthorized party in possession of the Confidential Information.

## ACTIONS TO PROTECT AGAINST UNAUTHORIZED DISCLOSURE OF PERSONALLY IDENTIFIABLE INFORMATION

17. In the event that the Court determines that there is an actual or threatened breach of this Order by a party who received Confidential Information that contains personally identifiable information (*e.g.*, private contact information, personally identifiable financial information, etc.), the parties agree that the Disclosing Party would not have an adequate remedy at law regarding the unauthorized disclosure of such personally identifiable information and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

## NON-TERMINATION

18. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation. Upon the conclusion of the Litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, work product, and

deposition transcripts, shall either (a) return such documents no later than 60 days after conclusion of this action to counsel for the Disclosing Party, or (b) destroy such documents within 60 days, and certify in writing to the Disclosing Party that the documents have been destroyed.  If any Confidential Information has been furnished under this Order to any expert or other third-party, counsel for the party furnishing the Confidential Information shall request in writing that all such Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed.

## MODIFICATION PERMITTED

19. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order.

## NO WAIVER OF OBJECTIONS

20. Nothing in this Protective Order shall constitute a waiver of a party's right to object to any Discovery Materials on any grounds or to object to the admission in evidence of Discovery Materials at any motion hearing or trial.  Nothing in this Protective Order shall be deemed to expand or limit the permissible scope of discovery in this litigation.

## RESPONSIBILITY OF ATTORNEYS

21. The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information.

22. The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to paragraph 10(d), (e), and (i) above.

## SHIPPING PROTECTED MATERIAL

23. When any receiving party physically ships any Discovery Materials containing personally identifiable information to others designated in this Order as authorized to receive such Discovery Materials, the receiving party will encrypt such electronic data (if the Discovery Materials are in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Materials containing personally identifiable information are in hard copy/paper form, the receiving party will ship the Discovery Materials using secure packaging and a tracking number.  If

the receiving party learns at any time that such Discovery Materials may have been improperly viewed by unauthorized parties during shipment, it will promptly notify the Disclosing Party and take reasonable measures to retrieve the improperly disclosed Discovery Materials.  This paragraph does not apply to the exchange of Discovery Materials via e-mail or other electronic transmission.

**NO WAIVER**

24.   Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent or unintentional disclosure of Discovery Materials protected by any privilege or work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), and any other applicable law, rule, or legal principle, the production of Discovery Materials subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a written request for the return of such documents or information (the "Identified Materials") is made promptly after the Disclosing Party learns of the production.   Upon such a written request, the receiving party shall return to the Disclosing Party the Identified Materials.   The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

25.   Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of Discovery Materials, whether designated Confidential Information or not.

THE PARTIES HEREBY STIPULATE AND AGREE TO THE ABOVE TERMS.

DATED:   July 15, 2016          OAKLAND CITY ATTORNEY
                                      BARBARA J. PARKER

                                TRIAL & APPELLATE RESOURCES, P.C.
                                      JOEL LIBERSON

                                CENTER FOR CONSTITUTIONAL LITIGATION
                                      ROBERT S. PECK

                                PERETZ & ASSOCIATES
                                      YOSEF PERETZ
                                      RUTH L. ISRAELY


                                By:  /s/ Yosef Peretz
                                      YOSEF PERETZ
                                Attorneys for Plaintiff CITY OF OAKLAND


DATED:   July 15, 2016          PROSKAUER ROSE LLP
                                      BART H. WILLIAMS
                                      MANUEL F. CACHÁN

                                MUNGER, TOLLES & OLSON LLP
                                      TERRY E. SANCHEZ


                                K&L GATES LLP
                                      PAUL F. HANCOCK


                                By:  /s/ Bart H. Williams
                                      BART H. WILLIAMS

                                Attorneys for Defendants WELLS FARGO & CO. and
                                WELLS FARGO BANK, N.A.

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from all signatories above.

DATED:   July 15, 2016                                      /s/ Bart H. Williams
                                                                                BART H. WILLIAMS
                                                                                PROSKAUER ROSE LLP

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *City of Oakland v. Wells Fargo & Co., et al.*, Case No. 3:15-cv-04321-EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

1 **[~~PROP~~OSED] ORDER**

2 **IT IS HEREBY ORDERED**, good cause appearing, that the terms of the Stipulation
3 Regarding Confidential Information, as agreed by the Parties in the above entitled action, meets with
4 the approval of the Court. The Stipulation Regarding Confidential Information is hereby adopted as
5 the Order of this Court.

6 **IT IS SO ORDERED.**

8 DATED: 7/20/16                By: _____
9                                     HONORA[BLE]
                                     UNITED S[TATES]

*IT IS SO ORDERED*
*Judge Edward M. Chen*