Edward P Sangster (SBN 121041)
edward.sangster@klgates.com
Daniel W Fox (SBN 268757)
daniel.fox@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Paul F Hancock (admitted *pro hac vice*)
paul.hancock@klgates.com
K&L GATES LLP
Southeast Financial Center 200
South Biscayne Boulevard Suite 3900
Miami, FL  33131
Telephone: +1 305 539 3300
Facsimile: +1 305 358 7095

Bart H. Williams (SBN 134009)
bwilliams@proskauer.com
Manuel F. Cachan (SBN 216987)
mcachan@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA  90067
Telephone:      (310) 557-2900
Facsimile:      (310) 557-2193

Terry E. Sanchez (SBN 101318)
terry.sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

Attorneys for Defendant Wells Fargo & Co. and
Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF OAKLAND, a municipal Corporation, | |
| Plaintiff, | Case No.: 3:15-cv-04321-EMC |
| vs. | **WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| WELLS FARGO & CO., and WELLS FARGO BANK, N.A., | |
| Defendants. | |

**WELLS FARGO'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE CITY'S COMPLAINT**

Defendants WELLS FARGO & CO. and WELLS FARGO BANK, N.A. (together, "***Wells Fargo***") for their joint Answer and Affirmative Defenses in response to the City of Oakland's (the "***City['s]***") First Amended Complaint (the "***Complaint***") [Dkt. 104], state as follows:

**GENERAL DENIALS**

Wells Fargo submits that no response is required to the headings, subheadings or footnotes used throughout the Complaint, which consist of general and unsupported assertions, inflammatory language, attorney argument, purported citations, and/or terms defined by the City. To the extent that a response is required, Wells Fargo denies any allegations in such headings, subheadings, or footnotes.

Wells Fargo avers that it is, and always has been, a fair and responsible lender, and denies that it engaged in "reverse redlining," "redlining," or any other unlawful discrimination in violation of the Fair Housing Act. Wells Fargo denies that the lending practices alleged caused—actually or proximately—either (a) economic injuries, or (b) non-economic injuries, both of which the City alleges.

Wells Fargo & Co. states affirmatively that it does not engage in home lending or mortgage origination, and that it did not engage in those activities during the time periods reflected in the Complaint.

**SPECIFIC ANSWERS**[1]

1.    Denied, except admitted only that the Complaint purports to allege claims of racial "steering" and "discriminatory" lending against Wells Fargo.

2.    Denied, specifically as to lines 12 through 14 of paragraph 2, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations of a purported "history of redlining and reverse redlining in Oakland" by unnamed entities.

3.    Denied, except admitted only that the Complaint purports to allege violations of the Fair Housing Act and the California Fair Employment and Housing Act.

4.    Denied, except admitted only that the Complaint purports to allege "intentional discrimination" and "disparate impact discrimination."

5.    Denied.

6.    Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations as to other "[m]ajor banks."

7.    Denied, specifically as to the first two sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 7, which consist of general allegations regarding prior proceedings that speak for themselves and of statements purportedly made by Ben Bernanke.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied, except admitted only that Wells Fargo Bank, N.A. has branch offices in the City and that it possesses substantial underwriting technology and data.

12.    Denied.

13.    Denied, specifically and because paragraph 13 consists of general allegations and mischaracterizations regarding prior proceedings that speak for themselves.

---

[1] Wells Fargo responds in separately numbered paragraphs that correspond to each of the separately numbered paragraphs of the City's Complaint.  Unless otherwise indicated, all admissions and denials are the same for Wells Fargo & Co. and Wells Fargo Bank, N.A.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

14.     Denied, specifically and because paragraph 14 consists of general allegations and mischaracterizations regarding prior proceedings that speak for themselves.

15.     Denied, because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15.

16.     Wells Fargo denies the first and fourth sentences.  Wells Fargo recognizes the City's admission that "poverty and unemployment rates for minorities exceed those of whites," and denies the remaining allegations in paragraph 16 because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 16.

17.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

18.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

19.     Denied.

20.     Wells Fargo admits that the City of Oakland is a municipal corporation organized pursuant to Article XI of the California Constitution, but denies the remaining allegations in paragraph 20 because it lacks knowledge or information sufficient to form a belief about the allegations in paragraph 20.

21.     Denied, because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 21.

22.     Denied, except admitted only that Wells Fargo & Co.'s corporate headquarters is in San Francisco, California, and that Wells Fargo & Co. is the corporate parent company of Wells Fargo Bank, N.A.

23.     Denied, except admitted only that Wells Fargo Bank, N.A. is a national banking association that has offices in South Dakota and separate bank branches and mortgage loan offices in

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

the State of California and in the City of Oakland and that some of those offices make residential

mortgage loans and/or engage in other business activities.

24.     Wells Fargo admits that it is subject to California state laws governing fair lending,

including California Fair Employment and Housing Act.  The requirements of the law speak for

themselves.

25.     Denied as to Wells Fargo & Co., but admitted only as to Wells Fargo Bank, N.A.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Denied, because Wells Fargo lacks knowledge or information sufficient to form a

belief about the allegations, except admitted only that, based on the allegations of the Complaint,

venue is proper in this District.

30.     Denied, specifically as to the first and second sentences of paragraph 30, and because

Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining

allegations, which consist of general allegations purportedly about unidentified former Wells Fargo

employees.

31.     Denied.

32.     Denied.

33.     Denied, specifically and because Wells Fargo lacks knowledge or information

sufficient to form a belief about the allegations, which consist of general allegations of statements

purportedly made by an unidentified former Wells Fargo Employee.

34.     Denied, specifically and because Wells Fargo lacks knowledge or information

sufficient to form a belief about the allegations, which consist of general allegations of statements

purportedly made by an unidentified former Wells Fargo employee.

35.     Denied, specifically and because Wells Fargo lacks knowledge or information

sufficient to form a belief about the allegations, which consist of general allegations of statements

purportedly made by an unidentified former Wells Fargo employee.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED
COMPLAINT

36.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in the first sentence, which consist of general allegations of statements purportedly made by an unidentified former Wells Fargo employee.

37.     Denied.

38.     Denied, because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations, which consist of general allegations of statements purportedly made by an unidentified former Wells Fargo employee.

39.     Denied.

40.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in the first sentence, which consist of general allegations of statements made by a Wells Fargo employee.

41.     Denied.

42.     Denied.

43.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations, which consist of general allegations of statements purportedly made by an unidentified former Wells Fargo employee.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied, specifically and because paragraph 53 consists of general allegations and mischaracterizations regarding prior proceedings that speak for themselves.  For example, the proceedings referenced did not include allegations of discrimination.

5

54.     Denied, specifically and because paragraph 54 consists of general allegations and mischaracterizations regarding prior proceedings that speak for themselves.

55.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in the last sentence of paragraph 55, and because paragraph 55 consists of general allegations and mischaracterizations regarding prior proceedings that speak for themselves.  For example, the proceedings referenced did not include allegations of discrimination.

56.     Denied, specifically and because the matters alleged in the second and third sentences of paragraph 56 consist of general allegations and mischaracterizations regarding various Wells Fargo annual reports, which documents speak for themselves.

57.     Denied, specifically and because the matters alleged in the second sentence of paragraph 57 consist of general allegations regarding a statement from a Wells Fargo annual report, which document speaks for itself.

58.     Denied, specifically as to the first sentence, and because the remaining matters alleged in paragraph 58 consist of general allegations and mischaracterizations regarding an April 10, 2017 report, which document speaks for itself.  For example, the report referenced does not include allegations of discrimination.

59.     Denied, specifically and because paragraph 59 consists of general allegations and mischaracterizations regarding an April 19, 2017 report, which document speaks for itself.  For example, the report referenced does not include allegations of discrimination.

60.     Denied, specifically and because paragraph 60 consists of general allegations and mischaracterizations regarding an April 19, 2017 report, which document speaks for itself.  For example, the report referenced does not include allegations of discrimination.

61.     Denied, specifically as to the first sentence, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

62.     Denied.

63.     Denied.

64.     Denied.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

65.     Denied.

66.     Denied, except admitted, with respect to footnotes 19 and 20, only that FHA loans are insured by the Federal Housing Administration and require mortgage insurance, and that VA loans are guaranteed by the U.S. Department of Veteran Affairs for those who qualify for such loans and they may in some circumstances not require a down payment on the property purchased with a VA loan.

67.     Denied.

68.     Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

69.     Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

70.     Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

71.     Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

72.     Denied.

73.     Denied.

74.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 74, which consist of general allegations purportedly describing what a law review article said about unidentified studies (that do not allegedly address Wells Fargo) purportedly dating back as early as 2000.

75.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 75, which consist of general allegations purportedly describing what a law review article (that does not allegedly address Wells Fargo) said about certain unidentified studies.

76.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 76, which consist of general allegations describing what is stated in a report purportedly made by the Center for Responsible Lending.

7

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

77.      Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 77, which consist of general allegations describing what is sated in a report purportedly made by the Center for Responsible Lending.

78.      Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 78, which consist of general allegations about observations purportedly made by a federal agency.

79.      Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 79, which consist of general allegations describing what is stated in a report purportedly made by the Center for Responsible Lending.

80.      Denied, specifically and because paragraph 80 consists of allegations mischaracterizing a 2004 report from the Center for Responsible Lending, which report speaks for itself.

81.      Denied.

82.      Denied.

83.      Denied.

84.      Denied.

85.      Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in the first two sentences.

86.      Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in the last sentence of paragraph 86, which consists of general allegations purportedly describing what is stated in a federal agency report.

87.      Denied.

88.      Denied, specially and because paragraph 88 presents a hypothetical scenario and is not an allegation directed to Wells Fargo.

89.      Denied, specifically and because paragraph 89 presents a hypothetical scenario and is not an allegation directed to Wells Fargo.

90.      Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

8

91.     Denied, specifically and because and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations.

92.     Wells Fargo admits that certain regression analyses can be an analytical tool in certain situations, but denies the remaining allegations in paragraph 92 because it lacks knowledge or information sufficient to form a belief about the allegations.

93.     Admitted as to first sentence.  Denied as to remaining allegations as Wells Fargo lacks knowledge or information sufficient to form a belief.

94.     Denied, as the allegation presents a mischaracterization of testimony which speaks for itself.

95.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95, which consist of general allegations about a report purportedly made by Mark Duda and William Apgar.  The report speaks for itself.

96.     Denied.

97.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97, which consist of general allegations about a report purportedly made by the Center of Responsible Lending.  The report speaks for itself.

98.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98, which consist of general allegations about a report purportedly made by the Center of Responsible Lending.  The report speaks for itself.

99.     Denied.

100.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

101.    Denied.

102.    Denied.

103.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss

9

(Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

104.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically as to the first sentence, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

105.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically as to the sixth and seventh sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

106.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

107.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

112.    Denied, specifically as to the first sentence, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

113.    Denied, specifically as to the last sentence, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

114.    Denied, specifically as to the first and second sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations.

115.    Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115.

116.    Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116, which consist of general allegations purporting to describe a working paper.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied, specifically as to the first and second sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 120.

121.    Denied, specifically as to the third and fourth sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 121.

122.    Denied.

123.    Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 123, which consist of general allegations about what "[v]arious studies" purportedly have found.

124.    Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 124, which consist of general allegations about what "[o]ther studies" purportedly have found.

125.    Denied.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED
COMPLAINT

126.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126, which consist of general allegations about a purported study in the City of Los Angeles.

127.     Denied.

128.     Denied.

129.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically as to the first, third and fourth sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 129.

130.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

131.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, as to the fourth sentence and the listed property addresses and because Wells Fargo otherwise lacks knowledge or information sufficient to form a belief about the allegations in paragraph 131.

132.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, because the allegations are not directed against Wells Fargo and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 132.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

133.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 133.

134.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically as to the first sentence, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 134.

135.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 135.

136.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 136.

137.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: Denied, specifically as to fourth, fifth, and sixth sentences, and because Wells Fargo lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 137.

138.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo responds as follows: denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 138, which consist of general allegations purportedly describing a study regarding the City of Los Angeles.

139.     To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

140.     Denied, specifically and because Wells Fargo lacks knowledge or information sufficient to form a belief about the allegations in paragraph 140.  Wells Fargo is not aware of the City's expert findings.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Wells Fargo repeats and incorporates by reference the admissions, responses, averments, and denials contained in the preceding paragraphs as if fully stated here.

147.     Denied, because the terms of the Fair Housing Act speak for themselves.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

155.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Wells Fargo repeats and incorporates by reference the admissions, responses, averments, and denials contained in the preceding paragraphs as if fully stated here.

160.    Denied, because the terms of the FEHA speak for themselves.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    To the extent the allegations in this paragraph have been dismissed pursuant to the Court's June 15, 2018 Order Granting in part and Denying in part Wells Fargo's Motion to Dismiss (Dkt. 147), no response is required by Wells Fargo.  To the extent a response to this paragraph is required, Wells Fargo denies this paragraph's allegations.

168.    Denied.

169.    Denied.

170.    Denied.

171.    This paragraph consists of a request by the City for a trial by jury to which no response is required.  To the extent that a response is required, Wells Fargo admits that the City has requested a jury trial on all issues so triable.

Wells Fargo denies that the City is entitled to any of the relief requested in the Prayer for Relief.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

**AFFIRMATIVE DEFENSES**

Wells Fargo states its Affirmative Defenses below.  Wells Fargo expressly incorporates the allegations of its Answer stated above and, for each affirmative defense, incorporates the facts alleged as to each other affirmative defense.  By asserting these Affirmative Defenses, Wells Fargo does not assume the burden of proof as to any fact, issue, or element of a cause of action where that burden rests with the City.  Nothing stated here is intended to be, nor shall be construed as, an acknowledgment that a particular issue or subject matter is relevant to the City's allegations.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and each claim contained in it, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The City's claims are barred, in whole or in part, because the City lacks standing, capacity, and/or authority to bring some or all of the claims raised in this suit.

**THIRD AFFIRMATIVE DEFENSE**

3. The City has not sustained any injuries actually caused by Wells Fargo.

**FOURTH AFFIRMATIVE DEFENSE**

4. The City has not sustained any injuries proximately caused by Wells Fargo.

**FIFTH AFFIRMATIVE DEFENSE**

5. The City's claims are barred, in whole or in part, by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint improperly cumulates disparate claims against multiple defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint fails to state a claim or cause of action against Wells Fargo for declaratory or injunctive relief, and otherwise fails to allege the facts necessary for each of the elements of these claims.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The City's claims are barred, in whole or in part, by the doctrine of laches.

16

### NINTH AFFIRMATIVE DEFENSE

9.      Any injuries sustained by the City were caused, in whole or in part, by the contributory or comparative negligence, fault, responsibility, and/or causation, and/or want of due care of the City and/or third parties who have not yet been identified, and therefore the City is barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence or other fault attributable to the City and/or such third parties.

### TENTH AFFIRMATIVE DEFENSE

10.     The City's claims are barred, in whole or in part, because they are not prosecuted by or in the names of the real parties in interest.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     The City's claims are barred, in whole or in part, because the City has failed to mitigate, minimize, or avoid any damage it allegedly sustained, and recovery against Wells Fargo, if any, must be reduced accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

12.     The City's claims are barred, in whole or in part, by the doctrine of unclean hands, the doctrine of *in pari delicto*, and the maxim that "one who seeks equity must do equity."

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The City's claims are barred to the extent that the defenses of estoppel, laches, res judicata, collateral estoppel, statutes of limitations, assumption of risk, waiver, release, claim preclusion, issue preclusion or any other defense that would bar recovery by those individuals with respect to whose loans or properties the City claims to have incurred injuries, damages, costs, and/or other expenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     The City's recovery is barred, in whole or in part, under principles of set-off, recoupment, and/or unjust enrichment, because the alleged damages, costs, and/or other expenses that the City seeks to recover in this action are exceeded by the financial benefits that the City has realized, directly or indirectly, as a result of the origination of the loans in question.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     The City's claims are barred, in whole or in part, because they violate of the Due Process Clauses of the United States Constitution and the California Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Wells Fargo acted with good faith and had an objectively reasonable belief that its conduct did not violate the law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     The City's claims are barred, in whole or in part, by the municipal cost recovery rule.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Any recovery herein by the City would constitute unjust enrichment.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     The Complaint fails to state facts sufficient to constitute a valid claim for monetary damages, including the claims for disparate impact and deprivation of the benefits of integrated living for which monetary damages are not recoverable.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The Complaint fails to state facts sufficient to constitute a valid claim for punitive damages, including the claim for disparate impact for which punitive damages are not recoverable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     The City's claims are belied by its own public records, and by its own policies and procedures.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     The City's claims are barred as to Wells Fargo & Co. because that entity does not engage in residential mortgage lending, and the City fails to make any allegations specific as to that entity or show why it is responsible for the activities of Wells Fargo Bank, N.A.  *See United States v. Bestfoods*, 524 U.S. 51, 63 (1998).

Wells Fargo gives notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend their Answer to assert such additional defenses.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT

1    **WHEREFORE**, Wells Fargo respectfully requests that:

2    (1)    A judgment be entered in its favor against the City, dismissing the Complaint with

3 prejudice and awarding Wells Fargo its costs and expenses, including its reasonable attorneys' fees;

4 and

5    (2)    The Court grant Wells Fargo such other and further relief as the Court deems

6 appropriate.

7

8                                    K&L GATES LLP

9

10

Dated:    June 29, 2018              By:    */s/ Edward P Sangster*
11                                           Edward P Sangster
                                             Paul F Hancock
12                                           Olivia Kelman

13                                           Attorneys for Defendant
                                             Wells Fargo & Co. and Wells Fargo Bank, N.A.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED
COMPLAINT

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, a copy of the foregoing document was served via ECF upon all counsel of record in the Court's electronic filing system.


Dated:   June 29, 2018                    By:   */s/ Edward P Sangster*
                                                Edward P Sangster
                                                Paul F Hancock
                                                Olivia Kelman


                                                Attorneys for Defendant
                                                Wells Fargo & Co. and Wells Fargo Bank, N.A.

WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT