UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY OF OAKLAND,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 15-cv-04321-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO AMEND ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Docket No. 151 |

Oakland's First Amended Complaint alleges that it suffered three kinds of injuries resulting from WF's unlawful loan practices: (1) decreases in property-tax revenues, (2) increases in municipal expenditures, and (3) neutralized spending in Oakland's fair-housing programs. *See* Docket No. 147 ("Order"). This Court denied WF's motion as to claims based on the first injury, dismissed without prejudice the claims based on the second injury to the extent Oakland sought damages, and dismissed without prejudice claims based on the third injury.

WF now seeks an amendment to the Order to certify the order for immediate appeal under 28 U.S.C. § 1292(b). Docket No. 151. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for September 13, 2018.

Section 1292(b) permits the appeal of an interlocutory order if the district court certifies that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification is appropriate "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). These conditions are met here.

The Court's Order applied the Supreme Court's recent decision in *Bank of America Corp. v. City of Miami*, 137 S. Ct. 1296 (2017), which established proximate cause as an element of FHA claims. However, the Supreme Court deliberately left unspecified the precise contours of that standard. *See City of Miami*, 137 S. Ct. at 1306 (declining to "draw the precise boundaries of proximate cause under the FHA" and leaving that task to the lower courts in the first instance). There is a substantial ground for difference of opinion on proximate cause. The lower courts have issued varying opinions. Earlier this year, the Northern District of Illinois issued orders in three cases involving similar facts. *See Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 314 F. Supp. 3d 950 (N.D. Ill. 2018); *Cty. of Cook v. Wells Fargo & Co.*, 314 F. Supp. 3d 975 (N.D. Ill. 2018); *Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2018 WL 1561725 (N.D. Ill. Mar. 30, 2018). The analysis of proximate cause in these cases differs in some respects from that of this Court.

This issue is proper for immediate appeal. The precise contours of proximate cause under the FHA is a dispositive question of law and therefore controlling. Oakland argues that certification is premature because it will amend its complaint and WF will move again to dismiss. But briefing and disposition of that motion would benefit from guidance from the Ninth Circuit. Any amendment is not likely to obviate the need to resolve the basic legal question.

The Court therefore **GRANTS** WF's motion and **AMENDS** the order to certify the following questions for immediate appeal:

(1) Do Oakland's claims for damages based on the injuries asserted in the FAC satisfy on a motion to dismiss proximate cause required by the FHA?

(2) Is the proximate-cause requirement articulated in *City of Miami* limited to claims for damages under the FHA and not to claims for injunctive or declaratory relief?

This order disposes of Docket No. 151.

**IT IS SO ORDERED**.

Dated: September 5, 2018

_____
EDWARD M. CHEN
United States District Judge